[No. C052400. Third Dist. Apr. 24, 2007.*]

THE PEOPLE, Plaintiff and Respondent, v.
JON GARY SCHNABEL, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

*Review granted July 25, 2007. Opinion directed to be published by the Supreme Court on October 24, 2007.

†Under California Rules of Court, rules 8.1105 and 8.1110, only the Factual and Procedural Background, part I of the Discussion, and the Disposition are certified for publication.

---

---

## COUNSEL

James Joseph Lynch, Jr., for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Dane R. Gillette and Mary Jo Graves, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

**ROBIE, J.**—A jury found defendant Jon Gary Schnabel guilty of 15 counts of child molestation involving three different girls. The trial court sentenced him to state prison for 375 years to life.

On appeal, defendant raises the following contentions:[1] (1) the court erred in admitting into evidence his prior sex offenses and in instructing the jury on their use; (2) trial counsel was ineffective; and (3) the court committed sentencing error. Disagreeing with these contentions, we affirm the judgment.

---

[1] We address defendant's arguments only to the extent they are properly reflected in the headings and subheadings of his opening brief. As we have recently explained, "appellant's brief 'must' '[s]tate each point under a separate heading or subheading summarizing the point . . . .' [Citations.] This is not a mere technical requirement; it is 'designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 [41 Cal.Rptr.3d 453].)

## FACTUAL AND PROCEDURAL BACKGROUND

### A

*Molestation of C.J. (counts one–five)*

C.J. met defendant when was she was 12 years old, and he was her parents' realtor. She started working for him doing "chores" to earn money. On eight to 10 different occasions during the summer of 1995, defendant had C.J. rub his penis until ejaculation and then had C.J. apply wart medication. During one of these episodes, defendant made C.J. press her lips against his penis. During another episode, defendant made her "tickle [his] balls."

### B

*Molestation of T.B. (counts six–ten)*

T.B. was a 20-year-old college student at the time of trial. Before she moved away to college, T.B. and her family lived a few houses away from defendant in Citrus Heights. Defendant was "good friends" with her family, and he was like an uncle to her. Defendant molested her for the first time when she was approximately seven years old. Defendant unzipped his pants, pulled out his penis, and "suggested that [T.B.] touch it." She complied.

During other incidents at defendant's house, he would ask her to put wart medication on his penis, and again she complied. These incidents occurred from the time T.B. was seven years old to the time she was 12.

There were incidents when T.B. was nine or 10 years old when defendant made her put her mouth on his penis, and he put his hand up her skirt or shorts and stroked her vagina.

At some point, defendant moved to Granite Bay. T.B. recalled one incident there when she was 11 years old and defendant touched her thigh, unzipped his pants, and directed her to apply medication to his penis.

### C

*Molestation of S.J. (counts eleven–fifteen)*

S.J. was 16 years old at the time of trial. She met defendant was she was seven or eight years old, and he was her parents' realtor. She frequently

visited defendant's house with her family. On five to 10 occasions, defendant had her move her hand up and down his penis so it would become "big" so he could apply wart medication.

Defendant made S.J. "watch a video on how to give oral sex" and look at Playboy magazines. He later made her put her mouth on his penis.

### D

### *Prior Acts of Molestation*

N.J. was 49 years old at the time of trial. She met defendant when she was seven years old, and he was living in her neighborhood with a family friend of N.J.'s. Once, while N.J. was at her friend's house, defendant exposed his penis, testicles, and legs, told her that he had hurt his leg, and said that he wanted her to "rub it for him." When N.J. started rubbing his leg, defendant took N.J.'s hand, put it on his penis, and with his hand on top of hers, starting massaging his penis. He also had her rub his inner thigh and put her lips on his penis. As a result of these acts, defendant pled guilty in 1963 to committing a lewd act on N.J.

### DISCUSSION

### I

### *The Court Did Not Err in Admitting into Evidence*
### *Defendant's Prior Sex Offenses and in Instructing the Jury*
### *on Their Use*

Defendant contends the admission of his prior sex offenses pursuant to Evidence Code section 1108 denied him a fair trial and violated his right to due process under the United States Constitution. He further contends the instruction regarding the prior sex offenses was "structural" error requiring automatic reversal of his convictions. We disagree.

Defendant's constitutional challenge to Evidence Code section 1108 was rejected in *People v. Falsetta* (1999) 21 Cal.4th 903, 922 [89 Cal.Rptr.2d 847, 986 P.2d 182]. We are bound to follow it. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)[2]

---

[2] Defendant's attack on the constitutionality of Evidence Code section 1108 is based on the United State Supreme Court's construction of the Federal Rules of Evidence. We note that Evidence Code section 1108 was modeled on a federal rule of evidence that has also withstood such attacks. (*People v. Falsetta, supra,* 21 Cal.4th at pp. 912, 920.)

As to defendant's challenge to the instruction, it is based on his assertion that the instruction on the use of prior sex offenses "wholly swallowed the 'beyond reasonable doubt' requirement." The California Supreme Court has rejected this argument in upholding the constitutionality of the 1999 version of CALJIC No. 2.50.01. (*People v. Reliford* (2003) 29 Cal.4th 1007, 1012–1016 [130 Cal.Rptr.2d 254, 62 P.3d 601].) The version of CALJIC No. 2.50.01 considered in *Reliford* is similar in all material respects to Judicial Council of California Criminal Jury Instructions (2006) CALCRIM No. 1191 (which was given here) in its explanation of the law on permissive inferences and the burden of proof.[3] We are in no position to reconsider the Supreme Court's holding in *Reliford* (*Auto Equity Sales, Inc. v. Superior Court, supra,* 57 Cal.2d at p. 455), and by analogy to *Reliford,* we reject defendant's argument regarding the jury instruction on use of his prior sex offenses.

II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[3] The version of CALCRIM No. 1191 given to the jury in this case reads, in pertinent part, as follows: "You may consider [the uncharged sex offenses] evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged offenses. Proof by a preponderance of the evidence is a different burden of proof from proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true. [¶] If the People have not met this burden of proof, you must disregard this evidence entirely, that is, the uncharged crimes evidence. [¶] If you decide that the defendant committed the uncharged offense or offenses, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit the sex offenses as charged here. [¶] If you conclude that the defendant committed the uncharged offense or offenses, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of the charged sexual offenses. The People must still prove each element of every charge beyond a reasonable doubt."

The version of CALJIC No. 2.50.02 given to the jury in *Reliford* reads, in pertinent part, as follows: "If you find that the defendant committed a prior sexual offense in 1991 involving S[.]B[.], you may, but are not required to, infer that the defendant had a disposition to commit the same or similar type sexual offenses. If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime of which he is accused. [¶] However, if you find by a preponderance of the evidence that the defendant committed a prior sexual offense in 1991 involving S[.]B[.], that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crime. The weight and significance of the evidence, if any, are for you to decide." (*People v. Reliford, supra,* 29 Cal.4th at p. 1012.)

*See footnote, *ante*, page 83.

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Butz, J., concurred.