Filed 2/10/16  P. v. Vargas-Gonzalez CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>VICTOR VARGAS-GONZALEZ,<br><br>　　　Defendant and Appellant. | A141995<br><br>(Sonoma County<br>Super. Ct. No. SCR621318) |

**I.**

**INTRODUCTION**

Appellant Victor Vargas-Gonzalez appeals from his convictions on seven counts of lewd and lascivious acts upon a minor under the age of 14 (Pen. Code, § 288, subd. (a)[1]), and three counts of aggravated sexual assault on a minor under the age of 14 (§ 269, subd. (a)(1)).  The sole issue he raises on appeal is his contention that the trial court erroneously instructed the jury with a modified version of CALCRIM No. 1191, which allowed the jury to consider charged offenses it found appellant had committed in determining whether he had a predisposition to commit the other charged offenses.  The instruction is based on Evidence Code section 1108.

In raising this issue, appellant concedes that a similar instruction was approved several years ago by our Supreme Court in *People v. Villatoro* (2012) 54 Cal.4th 1152 (*Villatoro*), and that we are bound to follow that precedent.  (*Auto Equity Sales, Inc. v.*

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

*Superior Court* (1962) 57 Cal.2d 450, 455 (*Auto Equity Sales*).) Nevertheless, he raises the issue in order to preserve it both for federal habeas and higher court reviews. We affirm.

## II.

## PROCEDURAL AND FACTUAL BACKGROUNDS[2]

On April 7, 2014, the Sonoma County District Attorney filed a second amended information charging appellant with seven counts of lewd and lascivious conduct (§ 288, subd. (a)) (counts I-VI, X), and three counts of aggravated sexual assault on a minor (§ 269, subd. (a)(1)) (counts VII, VIII, and IX). The information also alleged as to counts I through VI that appellant committed the offenses against more than one victim, the offenses included substantial sexual conduct, and the statute of limitations had been extended within the meaning of section 803, subdivision (f)(1). Additionally, as to count X, it was alleged that appellant committed the offense upon more than one victim, the offense included substantial sexual conduct, the minor was under 18 when the offense was committed, and the prosecution was commenced before her 18th birthday.

Jury trial commenced on April 1, 2014,and concluded on April 7, 2014, when the jury found appellant guilty of all counts as charged.

On May 27, 2014, the court sentenced appellant to three terms of 15 years to life, plus a determinate 20-year term. This timely appeal was filed on May 30, 2014.

The case involved two victims who were minors at the time of the alleged sexual assaults. Jane Doe No. 1, who was 25 years old at the time of trial, testified about appellant's numerous sexual contacts with her, which began when she was three or four years old, and continued until she was 11 years old. Appellant was Jane Doe No. 1's grandfather. These acts included touching her vagina with his hands and fingers, placing her hand on appellant's penis, and putting his penis inside of her more than 20 times.

---

[2] Given the limited issue involved in this appeal, we limit our recitation of the evidence presented at trial to that necessary to make clear the context of the legal issue raised by appellant.

Appellant's son testified that he saw his father having sex with his niece, Jane Doe No. 1, when she was 12 or 13 years old. He believed the timeframe was 1998-1999.

Jane Doe No. 2, another of appellant's granddaughters, was 16 years old at the time of trial. Appellant began touching her genitals when she was about four or five years old, and he would put his penis in her vagina from the back several times a week. The contacts stopped when Jane Doe No. 2 went to kindergarten.

Sergeant Ruben Martinez of the Sonoma County Sheriff's Office, participated in an interview of appellant on January 20, 2013. There was an investigating officer from the sheriff's office present, along with an investigator from the district attorney's office. Sergeant Martinez was there to act as an interpreter. He testified that, although appellant initially denied any acts of molestation, ultimately he admitted touching Jane Doe No. 1's anus and vagina when she was about eight years old, once in the laundry room of his home, and once in the garage. He also admitted touching Jane Doe No. 2's vagina and buttocks twice in his bedroom. He denied sexually penetrating either minor.

## III.

## DISCUSSION

Among the jury instructions given to the jury by the trial court after the conclusion of the evidence was a modified version of CALCRIM No. 1191, entitled "Evidence of Charged Sex Offenses." That instruction stated as follows:

"The People have presented evidence that the defendant committed the crimes of sexual child abuse as alleged in Counts I, II, III, IV, V, VI, and X, and aggravated sexual assault of a child under 14 years, as alleged in Counts VII, VIII, and IX. These crimes are defined for you in these instructions.

"If you decide the defendant committed one of these charged offenses you may, but are not required to, conclude from that evidence that the defendant was disposed to or inclined to commit the other charged crimes and engaged in the conduct specified in each of the instructions three four one zero, the statute of limitations [*sic*].

3

"And those are instructions that immediately follow this instruction. You'll see the numbers when you get into the jury room with your own copy. I don't read them to you when I'm reading the instructions.

"And based on that decision, also conclude the defendant was likely to commit and did commit the other charged crimes.

"If you conclude that defendant committed a charged crime, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of another charged offense. The People must still prove each element of every charge beyond a reasonable doubt and prove it beyond a reasonable doubt before you consider one charge as proof of another charge."[3]

The instruction is based on Evidence Code section 1108, subdivision (a), which provides that "[i]n a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by [Evidence Code] Section 1101, if the evidence is not inadmissible pursuant to [Evidence Code] Section 352." The use of prior acts of similar sexual misconduct to proved charged offenses has been upheld as constitutional. (*People v. Falsetta* (1999) 21 Cal.4th 903.) The unmodified version of CALCRIM No. 1191 has

---

[3] CALCRIM No. 1191 was drafted to allow juries to infer a propensity to commit charged sexual offenses from evidence that the defendant committed prior, similar uncharged sexual offenses. Because the instruction here allowed the jury to consider proven charged offenses as propensity evidence in deciding appellant's guilt as to other charged offenses, the principal modification to CALCRIM No. 1191 made by the court was to delete language from the uniform instruction that deals with the burden of proof relating to the prior uncharged offenses: "You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged offense[s]. Proof by a preponderance of the evidence is a different burden of proof from proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true. [¶] If the People have not met this burden of proof, you must disregard this evidence entirely." Appellant claims his due process right was violated in giving of the instruction per se in a case where the propensity evidence is other charged conduct. Therefore, the modifications adapted by the trial court are not asserted to be erroneous themselves.

4

been subsequently upheld as an accurate, and constitutional, statement of the law. (*People v. Schnabel* (2007) 150 Cal.App.4th 83, 87.)

Appellant contends it was a denial of his due process right for the court to instruct the jury with CALCRIM No. 1191, as it can only be used in cases where the prosecution attempts to prove a charged crime based on propensity evidence that the defendant committed other similar, but uncharged, offenses. Yet, appellant concedes that our Supreme Court approved use of a similar instruction in *Villatoro*, *supra*, 54 Cal.4th at pp. 1167-1168. As appellant recognizes, it is incumbent upon us to follow this precedent unless and until it is disapproved or reversed by a higher court. (*Auto Equity Sales*, *supra*, 57 Cal.2d at p. 455.)

Therefore, we conclude that it was not error for the trial court to give the modified version of CALCRIM No. 1191 to the jury, and we accordingly affirm the judgment of conviction and sentence.[4]

## IV.

## DISPOSITION

The judgment and sentence are affirmed.

---

[4] Appellant also contends that the error in instructing with CALCRIM No. 1191 was prejudicial. Because we conclude as a matter of law that there was no error in giving the instruction, and the issue of prejudice is not address by respondent in his brief, we need not, and do not, address the issue of whether such error was prejudicial.

5

_____
RUVOLO, P. J.

We concur:


_____
RIVERA, J.


_____
STREETER, J.


A141995, *People v. Vargas-Gonzalez*

6